## State of Vermont v. Michael A. French

[428 A.2d 1087]

No. 23-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and
Smith, J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

*Mark J. Keller,* Chittenden County State's Attorney, *Susan R. Via,* Deputy State's Attorney, and *Alvin E. Dunnem,* Law Clerk (On the Brief), Burlington, for Plaintiff.

*Sylvester & Maley,* Burlington, for Defendant.

**Barney, C.J.** The defendant, Michael French, appeals a judgment of conviction for kidnapping entered pursuant to 13

V.S.A. § 2401. On March 26, 1979, he and a companion offered the complaining witness a ride from the train station to her school. She voluntarily entered the car and was driven several miles to the vicinity of the school. Although she requested that she be dropped at the school, the defendant continued past that point and only stopped the car approximately a mile thereafter on a remote dirt road. At that point, the complaining witness again requested that she be allowed to leave the vehicle. Her request was again denied. Both men then had sexual intercourse with her before eventually dropping her at her school as originally requested.

■ French was charged with both sexual assault and kidnapping, but was convicted only on the kidnapping charge. He made motions for judgment of acquittal both at the conclusion of the State's case and at the close of the trial. Both motions were denied. The basis for the motion was that the confinement, if any, was merely incidental to the sexual assault. It is from the denial of this motion that the appeal has been taken.

The defendant cites the cases of *People* v. *Levy,* 15 N.Y.2d 159, 204 N.E.2d 842, 256 N.Y.S.2d 793 (1965), and *People* v. *Lombardi,* 20 N.Y.2d 266, 229 N.E.2d 206, 282 N.Y.S.2d 519 (1967), among others, for the proposition that the kidnapping conviction should be reversed as incidental to the primary rape charge. In so doing, we feel that he misconstrues the principle involved. In each of these cases, convictions on both the kidnapping charge and the primary charge to which the kidnapping was alleged to have been incident were obtained. They stand for the proposition that convictions for *both* crimes will not stand where the detention necessary to support the kidnapping conviction was quantitatively no greater than the detention which is, by virtue of the nature of the crime, incidental to the underlying rape or robbery. This principle has no application to a situation in which no conviction was obtained for the underlying crime. In such a situation, the kidnapping, if proven in every element, can stand on its own.

■■ The standard of review for a denial of a motion for judgment of acquittal is whether the evidence, when viewed in the light most favorable to the State, reasonably supports the jury's finding of guilt beyond a reasonable doubt. *State* v.

*Bourassa*, 137 Vt. 62, 68–69, 399 A.2d 507, 512 (1979). The kidnapping statute under which the defendant was convicted, 13 V.S.A. § 2401, provides as follows:

> A person who, without legal authority, forcibly or secretly confines or imprisons another person within this state against his will, or forcibly carries or sends such person out of the state, or forcibly seizes or confines or inveigles or kidnaps another person with intent to cause him to be secretly confined or imprisoned in this state against his will, or to cause him to be sent out of this state against his will, or in any way held to service against his will, shall be imprisoned not more than twenty-five years or fined not more than $10,000.00, or both.

It is clear that the evidence presented is more than sufficient to support a conviction for kidnapping under the statute. Thus, the trial court's denial of the defendant's motion for judgment of acquittal will not be disturbed.

■ The defendant also raises an alleged inconsistency in verdicts as a basis for reversal of the kidnapping conviction. The jury found the defendant guilty of kidnapping, but was unable to reach a verdict on the rape charge. The defendant asserts that no set of facts could support such a result. He argues that since the fact of intercourse was admitted, the hung jury on the sexual assault charge must have been the result of a finding of consent. This, he argues, logically precludes a finding of nonconsent relative to the kidnapping charge.

To begin with, the defendant's analysis is speculative. Unanimity among the jurors that the complaining witness was held in the car against her will does not bar one or more of those same jurors from having doubts about the nonconsensual nature of the later intercourse. It is possible that the jury's inability to agree on the rape charge has some totally different basis, but assessment of the facts is within the province of the jury and if any view of the evidence supports their verdict, it is a sufficient basis on which to sustain it. *State* v. *Girouard*, 135 Vt. 123, 137, 373 A.2d 836, 845 (1977).

*Judgment affirmed.*