COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Overton
Argued at Chesapeake, Virginia


STEPHEN CRAIG WALKER

                                                             OPINION BY
v.       Record No. 1056-04-1                        JUDGE D. ARTHUR KELSEY
                                                         NOVEMBER 29, 2005
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              Frederick B. Lowe, Judge

               William H. Hurd (James S. Gilmore, III; Troutman Sanders, LLP;
               Kelley, Drye & Warren, on briefs), for appellant.

               Robert H. Anderson, III, Senior Assistant Attorney General (Judith
               Williams Jagdmann, Attorney General, on brief), for appellee.


       The trial court found Stephen Craig Walker guilty of abduction and use of a firearm in

the commission of a felony.  The trial court found Walker not guilty of robbery arising out of the

same incident.  On appeal, Walker claims (a) the evidence was insufficient to prove that he

intended to deprive the victim of his personal liberty, and (b) his abduction conviction must be

reversed as a matter of law because it was incidental to the robbery of which he was acquitted.

Finding the evidence sufficient and Walker's legal reasoning erroneous, we affirm.

                                              I.

       We review the evidence in the "light most favorable" to the Commonwealth, the

prevailing party in the trial court.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781,

786 (2003).  That principle requires us to "'regard as true all the credible evidence favorable to

the Commonwealth and *all fair inferences to be drawn therefrom.*'"  Parks v. Commonwealth,

221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis in original and citation omitted).

At the request of one of Walker's creditors, Robert Merrell went to Walker's home in Virginia Beach to repossess a vehicle parked in the driveway. Merrell "hooked up" the vehicle to his tow truck and began to drive away. Walker drove up in a van, saw Merrell's tow truck, and parked his van in front of the tow truck to block its path of escape.[1]

Brandishing a 9-millimeter semiautomatic handgun, Walker approached Merrell. Merrell attempted to call the police on a cell phone. "Put it down," Walker ordered as he pointed the handgun at Merrell's upper torso and head. Merrell dropped his cell phone and then tried to push the handgun away. Walker pushed back, putting the barrel of the handgun against Merrell's left upper breast. Merrell began screaming hysterically as Walker rocked back the hammer of the gun.

At 6'5" tall, weighing 240 pounds, Walker then picked up Merrell (a foot shorter and 120 pounds lighter) by his belt and "jerked" him around, apparently in an effort to disarm him. Walker carried Merrell to the front of the tow truck and "stuffed" him sideways into the cab of the truck. Walker searched Merrell, finding two handgun magazine clips and a knife. With his handgun pointed at Merrell's head, Walker continued to search for weapons. He eventually took from Merrell a .45 caliber semiautomatic handgun[2] and fired one round from it into the grass. During the encounter, Merrell never reached for or displayed his weapon.

As Walker looked on, Merrell frantically unhooked the vehicle from his tow truck and lowered it from the lift. Walker told him if you "do the job" you "have to suffer the consequences." Merrell then drove his tow truck to a nearby residence to find a phone to call the police. Walker followed and taunted him: "Get out of here. I know my rights. I'm calling . . .

---

[1] Merrell's truck was equipped with a video surveillance system that captured most of the incident on tape.

[2] Merrell carried this weapon pursuant to a concealed weapon permit.

somebody up in Richmond." Merrell drove around the corner and called the police from another neighbor's home.

Two police officers responded to Merrell's call. They first spoke with Merrell, who showed the officers the videotape from his truck surveillance camera. One of the officers then spoke with Walker, who said:

> About one and a half years ago I had a car repossessed; and I had to pay about $5,500 to have the situation resolved. And after I paid that, they ended up selling it in an auction. I saw this, and I just snapped. I was thinking about work. I just snapped. When you guys were asking me about what happened, I see that I messed up.

Walker also acknowledged that he "realized how stupid this was" and that Merrell "was in no way at fault." Because he had another vehicle repossessed before, Walker explained, he "was not going to let it happen again."

A grand jury charged Walker with robbery, use of a firearm in the commission of the robbery, abduction, use of a firearm in the commission of the abduction, and discharging a firearm in public. At trial, Walker denied most of the incriminating evidence presented against him. He thought at the time Merrell was a thief, Walker testified. Walker said he displayed his handgun in self-defense only after Merrell displayed his. Walker denied picking Merrell up and stuffing him into the cab of the tow truck. As for the incriminating statements he gave the police, Walker said only that he had been "coached" to say some of them.

The trial court found Walker not guilty of robbery because he had no intent to "permanently deprive" Merrell of any of his property. The trial court, however, found the facts proved Walker guilty of abduction by unlawfully depriving Merrell of his personal liberty during the encounter. Walker was also convicted of use of a firearm during the commission of a felony and discharging a firearm in public.

II.

On appeal, Walker claims the evidence is insufficient to support his abduction conviction and, it would follow, his conviction for using a firearm during the commission of the abduction. Walker also argues that his abduction conviction is flawed as a matter of law under the incidental detention doctrine recognized by Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985). We find neither assertion persuasive.

A. EVIDENTIARY SUFFICIENCY UNDER CODE § 18.2-47

When addressing the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted). "This standard comes from Code § 8.01-680 — the basis for our appellate review of factfinding in civil and criminal cases as well as bench and jury trials." Seaton v. Commonwealth, 42 Va. App. 739, 747 n.2, 595 S.E.2d 9, 13 n.2 (2004).

In practical terms, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (emphasis in original and citation omitted). We ask only whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (emphasis in original)); see also Haskins v. Commonwealth, 44 Va. App. 1, 7, 602 S.E.2d 402, 405 (2004); Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003); Hoambrecker v. City of Lynchburg, 13 Va. App. 511, 514, 412 S.E.2d 729, 731 (1992).[3]

---

[3] "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (citation omitted). It also ensures that we remain faithful to "our duty not to substitute our judgment for that of the

In this case, the trial court found that Walker's treatment of Merrell violated Code § 18.2-47(A). In relevant part, that statute makes it a Class 5 felony for any person "who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty . . . ." This codification wholly "supercedes the common law" and effectively combines the common law offenses of kidnapping, abduction, and false imprisonment "into one statutory felony." John L. Costello, Virginia Criminal Law & Procedure § 7.1, at 119-20 (3d ed. 2002).

In particular, common law principles of asportation did not survive the statute. See Scott v. Commonwealth, 228 Va. 519, 526, 323 S.E.2d 572, 576 (1984). The statutory language specifically refers to seizure, secreting, and detention — acts which "do not necessarily involve movement." Roger D. Groot, Criminal Offenses & Defenses in Virginia at 2-3 (5th ed. 2005). Instead, a conviction under Code § 18.2-47(A) requires only a showing of "physical detention of a person, with the intent to deprive him of his personal liberty, by force, intimidation, or deception" without more. Scott, 228 Va. at 526, 323 S.E.2d at 576. Cf. Code § 18.2-48 (addressing detentions with more specific *mens rea* requirements).

Here, the evidence demonstrates that Walker, after blocking Merrell's path of escape out of the driveway, personally detained Merrell at gunpoint and forcibly moved him from the back of the tow truck into the truck cab by picking him up by his belt. This fact pattern satisfies Code § 18.2-47(A) because Walker physically detained Merrell (by restricting his movements and carrying him to the truck cab), with the intent to deprive him of his personal liberty (by ensuring Merrell did not walk or drive away during the detention), using force and intimidation (by

trier of fact, even were our opinion to differ." Crowder, 41 Va. App. at 663 n.1, 588 S.E.2d at 387 n.1 (internal quotation marks and citations omitted).

- 5 -

pointing a gun at him throughout and by manhandling him into the truck cab).  See generally Simms v. Commonwealth, 2 Va. App. 614, 618, 346 S.E.2d 734, 736 (1986) ("We find that abduction was established as a fact once the Commonwealth proved that Simms had deprived the victim of her liberty by threats of violence and use of force.").

In reply, Walker says he really intended only to disarm Merrell — not detain him.[4]  The factfinder, however, could infer that Walker intended to *detain* Merrell because that is exactly what Walker did.[5]  It is entirely "permissible to infer," as the trial court did, "that every person intends the natural and probable consequences of his or her acts."  Schmitt v. Commonwealth, 262 Va. 127, 145, 547 S.E.2d 186, 198 (2001); see Gilbert v. Commonwealth, 45 Va. App. 67, 71, 608 S.E.2d 509, 511 (2005).  That he may have intended to detain Merrell for the purpose of disarming him (assuming *arguendo* Walker's explanation to be true)[6] changes nothing, any more than it would if he intended to detain Merrell merely for the purpose of having a compulsory conversation about debt collection practices.

In finding Walker guilty, the factfinder necessarily found that Walker forcibly detained Merrell "for the length of time necessary for his purpose."  Scott, 228 Va. at 524, 323 S.E.2d at

---

[4] See Appellant's Brief at 10-11 ("The detention and short asportation in this case — placing Merrell back in his truck — was not for the purpose of a separate kidnapping, but was clearly for the purpose of removing the gun from his possession.").

[5] Under Virginia law, intent "must be determined from the outward manifestation of his actions leading to usual and natural results, under the peculiar facts and circumstances disclosed."  Hughes v. Commonwealth 18 Va. App. 510, 519-20, 446 S.E.2d 451, 457 (1994) (citations omitted).  In determining the person's specific intent, the factfinder may consider "all the circumstances revealed by the evidence" including his "conduct and statements."  Id.  This "factual question," as always, "lies peculiarly within the province of the [factfinder]."  Id. (citations omitted).

[6] The record much more persuasively suggests, and thus the factfinder could infer, that Walker's true intent in detaining Merrell was to stop him from towing Walker's vehicle away.  As Walker explained to the police, he had another vehicle repossessed before and "was not going to let it happen again."

575 (finding the evidence sufficient for an abduction conviction where defendant intended to make victim sit on the couch long enough for her to watch him kill himself). Ample evidence supports the rationality of the trial court's decision on this issue.

## B. THE INCIDENTAL DETENTION DOCTRINE

Walker also argues that, even if he unlawfully detained Merrell, that detention should be ignored because it was incidental to the claimed robbery. Citing Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985), Walker argues that some crimes (like rape, forcible sodomy, and robbery) inherently involve a component of coerced detention of a victim. The detention inherent in these detention-plus crimes, Walker reasons, cannot also be the basis of an abduction conviction. We agree with Walker in principle, but disagree that this principle applies to his case.

Faced with a defendant convicted of abduction after being previously found guilty of rape and forcible sodomy, the Virginia Supreme Court in Brown held that

> one accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, *is subject upon conviction to separate penalties for separate offenses* only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Brown, 230 Va. at 314, 337 S.E.2d at 713 (emphasis added).[7] Under this principle, a defendant "charged with abduction by detention and another crime that factually includes restraint of the

---

[7] Later restatements of the incidental detention doctrine have expressed it just this way. See, e.g., Jerman v. Dir. of the Dep't of Corr., 267 Va. 432, 439, 593 S.E.2d 255, 259 (2004) (holding that, under Brown, "convictions for separate offenses with separate penalties" requires a showing of non-incidental detention); Powell v. Commonwealth, 261 Va. 512, 540-41, 552 S.E.2d 344, 360 (2001) (interpreting Brown to permit a defendant to be "convicted of abduction in addition to" the detention-plus crime only when the detention is not incidental); Cardwell v. Commonwealth, 248 Va. 501, 511, 450 S.E.2d 146, 152 (1994) (concluding that a defendant can "be convicted of abduction in addition to robbery" only if the detention is not incidental to the robbery); Hoke v. Commonwealth, 237 Va. 303, 311, 377 S.E.2d 595, 600 (1989) (holding that

- 7 -

victim (*e.g.*, rape or robbery)" as a matter of law cannot "be *convicted of both* unless the abduction-detention is factually distinct from the restraint inherent in the other crime."  Groot, *supra*, at 3 (emphasis added).  Brown interpreted Code § 18.2-47 this way to avoid the "constitutional problem" of imposing two punishments for the same offense.  See Brown, 230 Va. at 313, 337 S.E.2d at 713.  Absent the imposition of multiple punishments, however, the double jeopardy concerns animating Brown's interpretation of Code § 18.2-47 do not exist.[8]

Walker's application of Brown to his case suffers from an obvious flaw:  He was acquitted — not convicted — of robbery.  Walker was not "subject upon conviction to separate penalties," Brown, 230 Va. at 314, 337 S.E.2d at 713-14, because he was convicted and punished only for an abduction.  When the underlying principle is "one of multiple conviction or multiple punishment," it simply does not apply "where the defendant was not convicted of the rape, robbery, or whatever was the object offense" in addition to the mere detention crime.  3 Wayne R. LaFave, Substantive Criminal Law § 18.1(b), at 11 (2003).  The incidental detention doctrine, therefore, "has no application to a situation in which no conviction was obtained" on the

---

Brown ensures that a defendant "cannot be subject to a separate penalty for a conviction of abduction" in addition to the detention-plus crime); Bell v. Commonwealth, 22 Va. App. 93, 96, 468 S.E.2d 114, 115 (1996) (citing Brown for the principle that a "defendant may be convicted of abduction in addition to 'another crime involving restraint of the victim'" only when the detention is not incidental to the detention-plus crime).

[8] That is particularly true in a simultaneous prosecution, where "the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense."  Stephens v. Commonwealth, 263 Va. 58, 62, 557 S.E.2d 227, 230 (2002) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)); see also Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001).  "While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution."  Ohio v. Johnson, 467 U.S. 493, 500 (1984).

detention-plus crime.  State v. French, 428 A.2d 1087, 1088 (Vt. 1981).  The mere detention

charge, "if proven in every element, can stand on its own."  Id.[9]

Walker contends this understanding of Brown makes Code § 18.2-47 too elastic.

Rejecting the multiple-punishment rationale of Brown, Walker argues that the statute must be

applied exactly the same way whether the detention was incidental to a "robbery conviction" or a

"robbery acquittal" or some other detention-plus crime "that was not charged but is shown by the

evidence."  Appellant's Reply Br. at 5.  Due process required no less, Walker asserts.

Following Walker's thesis through to its conclusion, however, would produce anomalies

unrecognizable to, much less required by, traditional due process principles.  For example, a man

accused of robbery — but prosecuted only for abduction (because, say, of some ambiguity over

the ownership of the property) — could exonerate himself of the abduction charge by taking the

stand and confessing to the robbery.  A man accused of rape, but prosecuted only for abduction

(due to some dispute over the nature of the sexual act), could defend himself by proving a

consummated rape.

Though we did not address the issue from the perspective of due process, we rejected just

this sort of theory in Simms v. Commonwealth, 2 Va. App. 614, 617-18, 346 S.E.2d 734, 735-36

(1986).  There, we held a defendant is not entitled to an instruction on attempted rape where he

was only charged with abduction, regardless of whether the "proof adduced at trial was sufficient

to show that a rape was attempted."  Id.  Simms similarly dismissed the complaint that Code

§ 18.2-47 was "overly broad" (thus implicating double jeopardy concerns addressed in Brown)

---

[9]  We thus have no reason to apply, as Walker urges us to do, the detention dissimilarity factors discussed in Hoyt v. Commonwealth, 44 Va. App. 489, 605 S.E.2d 755 (2004), a case in which the defendant was convicted of both abduction and robbery.  Nor need we address the Commonwealth's argument that, under Hoyt, Walker detained Merrell in excess of what would be inherent in the alleged robbery.

because, in <u>Simms</u> (unlike <u>Brown</u>) the defendant "was not charged with *or convicted* of another crime which necessarily involved detention as an element." <u>Id.</u> (emphasis added). <u>Simms</u> thus recognizes, as Professor Groot has noted, that where the facts could prove both the detention and the detention-plus crimes, "the Commonwealth may choose to charge the abduction by detention or the other crime." Groot, *supra*, at 4; <u>see also</u> <u>State v. Weir</u>, 506 S.W.2d 437, 440 (Mo. 1974) (rejecting incidental detention doctrine where no crime "other than" the mere detention crime was charged).

III.

The evidence supports the trial court's decision to convict Walker of abduction. Nothing in the incidental detention doctrine recognized by <u>Brown</u> or in any principle of due process precludes the trial court from reaching that conclusion. For these reasons, we affirm Walker's convictions for abduction and use of a firearm during the commission of a felony.

<u>Affirmed.</u>