COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Clements and Beales
Argued at Richmond, Virginia


TIMOTHY WAYNE MAWYER, A/K/A
  TIMOTHY WAYNE JASON LEE MAWYER

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1609-05-2                           JUDGE JAMES W. BENTON, JR.
                                                              DECEMBER 12, 2006
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                             James E. Kulp, Judge Designate

                  Michael J. Hallahan, II, for appellant.

                  Michael T. Judge, Senior Assistant Attorney General (Robert F.
                  McDonnell, Attorney General, on brief), for appellee.


        Timothy Wayne Mawyer appeals his convictions for abduction and for assault and battery

of a correctional officer.  He argues that the trial judge erred by denying his motion for a mistrial

and refusing to instruct the jury on the incidental detention doctrine.  We hold that Mawyer's first

issue on appeal is procedurally barred.  We further hold that the trial judge did not err in refusing to

instruct the jury on the incidental detention doctrine.

                                              I.

        This appeal arises from attacks by inmates on two prison correction officers in Albemarle

County.  The first officer, Harold Terry, entered the cellblock in order to remove blankets that

obstructed the view into two cells.  As he started to remove a blanket, inmate Dudley surprised

him from behind and placed him in a headlock.  Officer Terry testified that Dudley physically

forced him into "the cellblock six area," where Mawyer and a third unidentified inmate grabbed

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

his feet and helped Dudley handcuff him. After handcuffing him, Mawyer and the third inmate held Officer Terry while two other inmates repeatedly punched him. The inmates bound Officer Terry's feet to his wrists and shoved him under a bed in a cell. One of the inmates crawled under the bed to strike him further.

The second corrections officer entered the area in order to return an inmate. Two inmates attacked the second officer and bound his feet with a bed sheet. As the two officers were captive, inmates attempted and failed to escape. After other officers and outside negotiators arrived, the inmates released both officers. Officer Terry had three cracked vertebrae and a broken neck.

The grand jury indicted Mawyer, Dudley, and two other inmates for abduction and for assault and battery of Officer Terry. On the morning before the jury trial began against the four co-defendants, the trial judge granted Dudley's motion for a continuance. After the prosecutor rested its case against Mawyer and the remaining two inmates, the prosecutor informed the trial judge of Mawyer's intention to call Dudley as a witness. The prosecutor objected, indicating Dudley would assert his Fifth Amendment right not to testify and this would be prejudicial if done before the jury. Mawyer's attorney proffered that at the preliminary hearing Dudley commented that "Mawyer had nothing to do with this case." The trial judge overruled the prosecutor's objection.

Dudley took the witness stand outside the jury's presence, but, on the advice of his attorney, invoked his Fifth Amendment right against self-incrimination. The trial judge reconsidered his earlier ruling and sustained the prosecutor's objection. Mawyer's attorney then motioned to sever Mawyer's trial, "in essence, ask[ing] the court to declare a mistrial today with reference to Mr. Mawyer and to continue his case and have him tried jointly with Mr. Dudley or to have his trial postponed until after Mr. Dudley's trial." The trial judge denied the motion.

Mawyer's attorney made a motion to strike the evidence as to assault and battery. He argued that all Mawyer did "was to hold [Officer Terry] while he was being cuffed and that amount of touching is needed to commit the abduction." Alternatively he made a motion to strike the abduction charge, arguing that Mawyer "was assaulting the officer and . . . he didn't do anything to further the abduction." He asked the judge to grant one of the motions because the offenses were not "separate and apart from, and not merely incidental to, restraint employed in commission of the other crime." The prosecutor replied that three actions occurred which produced assault and battery and an abduction:

> First, after he was put in the headlock by Dudley and walked down the hall, he encountered Mawyer and, at that point, struggled with Mawyer, and he indicated there was---there was struggling and fighting at that point. Secondly, Mawyer grabbed his legs which allowed the handcuffing by Dudley. Third, he testified that he was then bent over and the way he was bent over was by Mawyer on one side and the third person that he wasn't able to identify on the other side pushing him down while [two other inmates] were hitting him to the face.

The trial judge denied Mawyer's motions, ruling "the evidence is sufficient to go to the jury on both charges . . . , though, the instruction on assault and battery must also include the element that he's a principal in the second degree."

At the conclusion of all the evidence, Mawyer's attorney requested jury instructions on the possible merger of the two charges of abduction and assault and battery. The trial judge rejected both of the proposed jury instructions.

The jury convicted Mawyer of both assault and battery and abduction.

## II.

Mawyer contends that the trial judge erred in not granting his motion for a mistrial because his "case needed to be postponed until after Dudley's trial so he could be compelled to testify." Mawyer's brief contains a generalized statement that he "was stripped of his right to

due process and . . . deprived [of] the right to a fair trial." Mawyer failed, however, to cite any principles of law or authority to support this argument in his brief. This omission violates Rule 5:20(e)'s requirement that an appellant's opening brief contain "authorities relating to each question presented." We have repeatedly held that "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992); see also Jeter v. Commonwealth, 44 Va. App. 733, 739-40, 607 S.E.2d 734, 738 (2005) (refusing to consider an issue raised on appeal without supporting authority cited in the opening brief); Budnick v. Budnick, 42 Va. App. 823, 833, 595 S.E.2d 50, 55 (2004); Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003). Thus, we will not consider this issue on appeal.

III.

Mawyer argues that the trial judge's refusal of the offered jury instructions deprived the jury of its obligation to determine "whether the abduction actually occurred, or whether it was merely incidental to the battery." The Commonwealth argues (1) that the incidental detention doctrine prevents separate penalties for the same act, not separate convictions, (2) that whether restraint is inherent in the underlying crime is a question of law and thus outside the jury's province, and (3) that the jury's ability to reject evidence does not support the instructions.

The Commonwealth frames the issue on appeal as a purely legal question involving the constitutional prohibition against placing the defendant in double jeopardy and the trial judge's role in determining whether the evidence raises a jury issue. Mawyer does not argue that the trial judge's decision addressed a constitutional issue. Rather, Mawyer raises the state law issue the Supreme Court addressed in Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985). See, e.g., Hoyt v. Commonwealth, 44 Va. App. 489, 492, 605 S.E.2d 755, 756 (2004) (stating

- 4 -

that in Brown, "the Supreme Court determined that discussion of double jeopardy principles was unnecessary" based on its interpretation of the state legislature's intent).

Applying Code § 18.2-47, the Supreme Court of Virginia has held "that detention is a discrete species of abduction." Brown, 230 Va. at 314, 337 S.E.2d at 713. The Court also held that "the General Assembly did not intend to make the kind of restraint which is an intrinsic element of crimes such as rape, robbery, and assault [to be] a criminal act, punishable as a separate offense." Id. Thus, the Court concluded as follows:

> [O]ne accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Id. at 314, 337 S.E.2d at 713-14.

Mawyer argues that Hoyt, 44 Va. App. 489, 605 S.E.2d 755, supports his argument that these matters are proper for a jury instruction. He contends the Court "devised [a] test" for the jury to follow when determining whether an abduction was separate and apart from, and not merely incidental to, another crime. He relies upon the Court's identification of the following four factors:

> "(1) the duration of the detention or asportation;
> (2) whether the detention or asportation occurred during the commission of a separate offense;
> (3) whether the detention or asportation which occurred is inherent in the separate offense; and
> (4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense."

Id. at 494-95, 605 S.E.2d at 757-58 (quoting Gov't of Virgin Islands v. Berry, 604 F.2d 221, 227 (3d. Cir. 1979)).

- 5 -

None of our decisions or the Supreme Court's decisions have expressly addressed whether these matters must be submitted to a jury. Our decisions in Hoyt, 44 Va. App. 489, 605 S.E.2d 755, Wiggins v. Commonwealth, 47 Va. App. 173, 622 S.E.2d 774 (2005), and Walker v. Commonwealth, 47 Va. App. 114, 622 S.E.2d 282 (2005), concern the standard to be applied when reviewing the sufficiency of the evidence to support convictions. Hoyt expressly noted that "whether an abduction is merely incidental to another crime is a question of law." 44 Va. App. at 496 n.4, 605 S.E.2d at 758 n.4. Relying on that footnote, Wiggins held the same. 47 Va. App. at 183, 622 S.E.2d at 778. In Walker, we quoted from the following passage in Roger D. Groot, Criminal Offenses & Defenses in Virginia 3 (5th ed. 2005):

> "When the accused is charged with abduction by detention and another crime that factually includes restraint of the victim (e.g., rape or robbery), he cannot be convicted of both unless the abduction-detention is factually distinct from the restraint inherent in the other crime."

Walker, 47 Va. App. at 123, 622 S.E.2d at 289.[1] We asserted this proposition applies "as a matter of law." Id.

"'[I]t is the office of the judge to respond as to the law, and the jury as to the facts, and few rules are more essential in the administration of justice.'" Fitzgerald v. Commonwealth, 249 Va. 299, 305, 455 S.E.2d 506, 510 (1995) (quoting Brown v. Commonwealth, 86 Va. 466, 471, 10 S.E. 745, 747 (1890)). In this case, the trial judge ruled the evidence was sufficient for the jury to consider both the crime of abduction and the crime of assault and battery. This Court has repeatedly held that the question whether an abduction was incidental to another crime is a

---

[1] In Walker, we did not address whether "under Hoyt, Walker detained [the victim] in excess of what would be inherent in the alleged robbery." Id. at 124 n.9, 622 S.E.2d at 287 n.9. The Supreme Court affirmed Walker and expressly declined to express an opinion on Hoyt. Walker v. Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___ (Nov. 3, 2006).

question of law.  Thus, the trial judge acted in accordance with our decisions in <u>Hoyt</u>, <u>Wiggins</u>, and <u>Walker</u> when he refused the proposed instructions.

In view of our prior decisions, we hold that the trial judge did not err in refusing the instructions.  Accordingly, we affirm the convictions.

<u>Affirmed.</u>