COURT OF APPEALS OF VIRGINIA

Present:    Judges Benton, Clements and Beales
Argued at Richmond, Virginia


ANTINNE ANDERSON

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1596-05-2                          JUDGE JAMES W. BENTON, JR.
                                                             DECEMBER 12, 2006
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                              James E. Kulp, Judge Designate

              Charles L. Weber, Jr., for appellant.

              Michael T. Judge, Senior Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


        A jury convicted Antinne Anderson for assault and battery of two corrections officers, for

abduction and for attempted escape.  Anderson contends the trial judge erred by not instructing the

jury "on the law regarding the merger of abduction and assault and battery."  We disagree, and we

affirm the convictions.

        This prosecution arises from attacks by inmates on two prison correctional officers in

Albemarle County.  When Officer Harold Terry entered the cellblock, an inmate surprised him from

behind and restrained him in a headlock.  A small group of inmates attacked him, beat him, and

handcuffed him.  Officer Terry testified Anderson punched him in his face.  The inmates then bound

the officer's feet to his wrists and shoved him under a bed in a cell.

        The second officer, Joseph Woodson, entered the cellblock in order to return an inmate.

Inmate Dudley grabbed him from behind, holding his neck.  As they struggled, Officer Woodson

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

fell to the floor while Dudley continued to hold his neck. Another inmate sat on the back of Officer Woodson's legs and demanded his hands. When Woodson complied, the inmate on his back handcuffed him. Another inmate bound his feet with a bed sheet.

As the two guards were captive, several inmates attempted and failed to escape through a cell window. When other officers and outside negotiators arrived, Officer Woodson convinced the inmates to release the first officer who was in distress under the bed. Dudley and another inmate then put Officer Woodson in a cell with Anderson, who was sitting on a bed. Anderson asked whether Officer Woodson knew him. When Officer Woodson told him he did not, Anderson informed him he was not involved in the incident. The two conversed for forty-five minutes to an hour about the officer's family and other matters. During this time, Officer Woodson recognized Anderson's voice as belonging to the inmate who sat on his legs and handcuffed his hands. Periodically, Dudley entered the cell to check on Officer Woodson. Eventually, three other inmates entered the cell and freed Officer Woodson.

At the close of the Commonwealth's case, Anderson's lawyer made a motion to strike the abduction charge. He argued Anderson's involvement with Officer Woodson was "either an assault and battery which is the touching to put the cuffs on or an abduction but not both." He further argued this was "part of a continuing course of action" which did not satisfy the test in Hoyt v. Commonwealth, 44 Va. App. 489, 605 S.E.2d 755 (2004), for determining whether the two offenses were separate and apart from each other. The prosecutor responded that Anderson assaulted the officer by sitting on his back and abducted the officer when he handcuffed him. The trial judge denied the motion to strike.

At the conclusion of all the evidence, Anderson requested jury instructions on the possible merger of the charge of abduction and the charge of assault and battery of Woodson. The first proposed instruction was as follows:

The defendant, Antinne Anderson, is charged with the crime of abducting or taking hostage Correctional Officer Joseph Woodson. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

(1) That the defendant was prisoner in a state, local, regional or community correctional facility; and
(2) That the defendant did seize, take, transport, detain or take hostage Joseph Woodson by force, threat or intimidation; and
(3) That the defendant did so with the intent to deprive Joseph Woodson of his personal liberty; and
(4) That the defendant acted without legal justification or excuse; and
(5) *That the act of abduction was separate from, and not merely incidental to, the restraint employed during the commission of the assault and battery.*

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the offense as charged, then you shall find the defendant guilty but you shall not fix the punishment until your verdict has been returned and further evidence has been heard by you.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt any one or more of the elements of the offense, then you shall find the defendant not guilty.

(Emphasis added). The second proposed jury instruction stated:

In determining whether or not an abduction is incidental to the assault and battery, you should consider the following four factors:

(1) The duration of the detention or asportation;
(2) Whether the detention or asportation occurred during the commission of the assault and battery;
(3) Whether the detention or asportation which occurred is inherent in the assault and battery;
(4) Whether the detention or asportation created a significant danger to the victim independent of that posed by the assault and battery.

The trial judge rejected both of the proposed jury instructions. The jury convicted Anderson of assault and battery of Officer Terry, assault and battery of Officer Woodson, abduction of Officer Woodson, and attempted escape as a principal in the second degree.

Anderson contends that the trial judge erred by refusing to instruct the jury on the issue of incidental detention arising from his conduct. He argues that the determination whether the abduction was incidental to the assault required factual findings, which are within the province of the jury. Relying on Blakely v. Washington, 542 U.S. 296 (2004), he additionally argues that the trial judge's refusal to instruct the jury on the issue violated his Sixth Amendment right to a jury trial. The Commonwealth responds (1) that the incidental detention issue is a question of law solely in the province of the trial judge, (2) that, as a derivation of the constitutional prohibition against double jeopardy, the incidental detention doctrine does not prevent separate convictions, (3) that the jury's ability to reject evidence does not support the instructions, and (4) that Blakely does not apply to this case.

The Commonwealth primarily frames Anderson's incidental detention argument as a legal question involving the constitutional prohibition against placing the defendant in double jeopardy. Anderson does not argue that the trial judge's decision placed him in double jeopardy. Rather, he raises the state law issue the Supreme Court addressed in Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985). See, e.g., Hoyt v. Commonwealth, 44 Va. App. 489, 492, 605 S.E.2d 755, 756 (2004) (stating that in Brown, "the Supreme Court determined that discussion of double jeopardy principles was unnecessary" based on its interpretation of the state legislature's intent).

Applying Code § 18.2-47, the Supreme Court of Virginia has held "that detention is a discrete species of abduction." Brown, 230 Va. at 314, 337 S.E.2d at 713. The Court also held that "the General Assembly did not intend to make the kind of restraint which is an intrinsic element of crimes such as rape, robbery, and assault [to be] a criminal act, punishable as a separate offense." Id. Thus, the Court concluded as follows:

> [O]ne accused of abduction by detention and another crime
> involving restraint of the victim, both growing out of a continuing

course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Id. at 314, 337 S.E.2d at 713-14.

Anderson argues that Hoyt, 44 Va. App. 489, 605 S.E.2d 755, supports his argument that these matters are proper for a jury instruction. In Hoyt, we held that the following four factors determine whether an abduction was separate and apart from, and not merely incidental to, another crime:

"(1) the duration of the detention or asportation;
(2) whether the detention or asportation occurred during the commission of a separate offense;
(3) whether the detention or asportation which occurred is inherent in the separate offense; and
(4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense."

Id. at 494-95, 605 S.E.2d at 757-58 (quoting Gov't of Virgin Islands v. Berry, 604 F.2d 221, 227 (3d. Cir. 1979)).

None of our decisions or the Supreme Court's decisions have expressly addressed whether these matters must be submitted to a jury. Our decisions in Hoyt, Wiggins v. Commonwealth, 47 Va. App. 173, 622 S.E.2d 774 (2005), and Walker v. Commonwealth, 47 Va. App. 114, 622 S.E.2d 282 (2005), concern the standard to be applied when reviewing the sufficiency of the evidence to support convictions. Hoyt expressly noted, however, that "whether an abduction is merely incidental to another crime is a question of law." 44 Va. App. at 496 n.4, 605 S.E.2d at 758 n.4. Relying on that footnote, Wiggins held the same. 47 Va. App. at 183, 622 S.E.2d at 778. In Walker we quoted from the following passage in Roger D. Groot, Criminal Offenses & Defenses in Virginia 3 (5th ed. 2005):

"When the accused is charged with abduction by detention and another crime that factually includes restraint of the victim (e.g.,

rape or robbery), he cannot be convicted of both unless the abduction-detention is factually distinct from the restraint inherent in the other crime."

Walker, 47 Va. App. at 123, 622 S.E.2d at 289.[1]  We asserted this proposition applies "as a matter of law."  Id.

"'[I]t is the office of the judge to respond as to the law, and the jury as to the facts, and few rules are more essential in the administration of justice.'"  Fitzgerald v. Commonwealth, 249 Va. 299, 305, 455 S.E.2d 506, 510 (1995) (quoting Brown v. Commonwealth, 86 Va. 466, 471, 10 S.E. 745, 747 (1890)).  Anderson was indicted for abduction by detention and for assault and battery, another crime involving restraint of the victim.  The trial judge concluded that the evidence was sufficient for the jury to consider both the crime of abduction and the crime of assault and battery.  This Court held in Hoyt, Wiggins, and Walker that the question whether an abduction was incidental to another crime is a question of law.  Thus, the trial judge acted in accordance with our previous decisions when he refused the proposed instructions.

As to Anderson's argument that the trial judge's refusal to instruct the jury on the issue violated his Sixth Amendment right to a jury trial, "[t]he Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged."  United States v. Gaudin, 515 U.S. 506, 522-23 (1995).  The Sixth Amendment also guarantees that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed maximum must be submitted to a jury . . . .'"  Blakely, 542 U.S. at 301 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).

---

[1] In Walker, we did not address whether "under Hoyt, Walker detained [the victim] in excess of what would be inherent in the alleged robbery."  47 Va. App. at 124 n.9, 622 S.E.2d at 287 n.9. The Supreme Court affirmed Walker and expressly declined to express an opinion on Hoyt.  Walker v. Commonwealth, __ Va. __, __, __ S.E.2d __, __ (Nov. 3, 2006).

The jury convicted Anderson of abduction by a prisoner. Code §§ 18.2-47 and 18.2-48.1 define this crime as the use of force, intimidation, or deception to seize, take, transport, detain, or secrete another with the intent to deprive that person of his personal liberty or to withhold or conceal him from a person, authority, or institution lawfully entitled to his charge, without legal excuse or justification, where the defendant is a prisoner in a state, local, or community correctional facility, or in the custody of an employee thereof, or who has escaped from any such facility or from any person in charge of such prisoner. The trial judge submitted these elements to the jury. The state law requirement that the restraint involved in the abduction be separate and apart from the restraint involved in the other offense is not an element of the crime of abduction.[2]

Anderson argues that the judge's action was contrary to Blakely because in determining the abduction was not incidental to the assault and battery, he made a factual determination that established guilt and also increased the penalty beyond the prescribed maximum penalty. As we have concluded above, Hoyt, Wiggins, and Walker expressly hold that "whether an abduction is merely incidental to another crime is a question of law," not a fact issue to be resolved by the jury.

Anderson also reasons that under state law, the maximum penalty for his conduct was that for assault and battery and that imposing two separate punishments for the same course of conduct enhanced his punishment beyond that maximum penalty. Setting aside Anderson's implicit supposition that the starting point for determining the maximum penalty is to assume that the abduction was incidental to the assault and battery, the principle set forth in Blakely applies to increases of "the penalty for a *crime* beyond the prescribed maximum," not the penalty

---

[2] We note that the proposed instructions did not correctly state the principles of the law. They incorrectly purported to include, as an element for the crime of abduction by a prisoner, "that the act of abduction was separate from, and not merely incidental to, the restraint employed during the commission of the [other crime]." This is not an element of the crimes defined in Code §§ 18.2-47 and 18.2-48.1.

for a course of conduct.  See Blakely, 542 U.S. at 301 (emphasis added).  The Commonwealth charged Anderson with the crime of abducting Officer Woodson and the crime of assaulting and battering the officer.  The sentence imposed for each crime was within the prescribed maximum under each statute.  See Code §§ 18.2-10 (listing the sentencing ranges for each class of felony), 18.2-48.1 (defining abduction by a prisoner), 18.2-57(C) (defining assault and battery against a law enforcement officer).  Thus, the trial judge's refusal to instruct the jury on the incidental detention doctrine did not violate Anderson's right to a jury trial.

In view of our prior decisions, we hold that the trial judge did not err in refusing the instructions.  His decision did not violate state law precedent or Anderson's Sixth Amendment right to a jury trial.  Accordingly, we affirm the convictions.

Affirmed.