COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and Lorish
Argued at Richmond, Virginia

MICHAEL ANTOINE FREEMAN

MEMORANDUM OPINION[*] BY
v.      Record No. 0217-23-2      JUDGE RANDOLPH A. BEALES
AUGUST 20, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HALIFAX COUNTY
J. William Watson, Jr., Judge

Lauren Brice, Assistant Public Defender (Virginia Indigent Defense
Commission, on briefs), for appellant.

Matthew J. Beyrau, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


A jury convicted Michael Antoine Freeman of one count of abduction and one count of

assault and battery of a family or household member, third or subsequent offense. On appeal,

Freeman challenges the sufficiency of the evidence to sustain his abduction conviction. He also

argues that the trial court abused its discretion by imposing an active sentence of four years and

six months on the assault and battery conviction.

BACKGROUND[1]

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, [as] the prevailing party at trial." *Gerald v.*

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Although parts of the record are sealed, this appeal requires unsealing certain portions to
resolve the issues raised by Freeman. To the extent that certain facts are found in the sealed
portions of the record, we unseal those portions only as to those specific facts mentioned in this
opinion. The rest remains sealed. *See Khine v. Commonwealth*, 75 Va. App. 435, 442 n.1 (2022).

*Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

In May 2022, Freeman and Cherell Womack were in a romantic relationship, and the couple lived together in an apartment in Halifax County. On May 8, 2022, Freeman and Womack began arguing with each other in the kitchen. While Womack was standing at the kitchen sink, Freeman went to her and put both of his hands around her neck. Womack then hit Freeman with the frying pan as she was being strangled. After hitting Freeman, Womack testified that "[h]e [Freeman] got more angry and started squeezing tighter." Womack then hit Freeman with the frying pan again.

After Freeman was hit for a second time, Womack stated that "he stopped and asked me why did I hit him with the frying pan." Womack gasped for air, and she continued to feel dizzy. Womack then testified, "He [Freeman] pushed me and then when he pushed me he dragged me to the living room." She stated, "He got on top of me and started like pushing my head to the floor basically telling me I'm stronger than you; you can't beat me; I'll kill you, and stuff like that." Womack testified that Freeman also stated, "I'll kill you; you're not stronger than me; you'll never be stronger than me." Freeman then continued to push Womack to the floor whenever she would try to get up. At some point during the fight, the couple's downstairs neighbor called the police. The 911 call transcript shows that the downstairs neighbor told the operator, "She's screaming get off me. Hurry up please. She's screaming."

Eventually Freeman got off of Womack after she sprayed him with a bottle of cleaning solution. Womack then went into the couple's bedroom, and Freeman followed Womack into the

- 2 -

bedroom. Womack testified that she did not call the police at this point because Freeman had taken her phone at the beginning of the argument. She also testified, "He took the house keys, phone, mailbox keys, everything."

Corporal J.L. Perkins and Officer Joshua Dawson of the South Boston Police Department soon arrived at the couple's apartment. Officer Dawson knocked on the door to the apartment, but no one answered. When Womack was asked why she did not answer the door, she testified, "Because he [Freeman] told me not to. He had a probation violation. He said he wasn't going back to jail." Womack did not call out for help, and she explained, "I was scared. I didn't want to say anything." When she was asked why she was scared, Womack testified, "Because of the altercation that we just had. Like I basically just gave up and prayed hope somebody come save me."

The officers entered the apartment, but they did not see anyone inside at first. The officers then found Freeman and Womack together in the bedroom. Officer Perkins spoke with Womack, and Perkins testified, "At first she wouldn't talk. She would just nod and make head gestures. She was visibly shaken."

After a jury trial, Freeman was convicted of abduction and of assault and battery of a family or household member, third or subsequent offense. At his sentencing hearing, Freeman told the trial court that he was accepted into a substance abuse treatment program, and he apologized for his actions against Womack. The trial court also reviewed the presentence report. In the presentence report, Freeman stated, "I admit that I pushed her, but I was acting in self-defense." Freeman then explained, "I do not agree with the evidence. It was only her word. The Commonwealth's only evidence was my prior record." The presentence report also showed that Freeman had four prior convictions of assault and battery of a family member, a strangulation conviction, and other firearm-related convictions.

The trial court then sentenced Freeman to ten years of imprisonment with nine years suspended on the abduction conviction. Freeman was sentenced to five years of imprisonment with six months suspended for the assault and battery of a family or household member conviction. Freeman now appeals to this Court.

ANALYSIS

I. Sufficiency of the Evidence

Freeman challenges the sufficiency of the evidence for his abduction conviction. He specifically argues that the evidence failed to show that he intimidated Womack and that the evidence also failed to show that he intended to deprive Womack of her personal liberty. Freeman focuses exclusively on the events that occurred in the couple's bedroom because the trial judge made a comment explaining how he believed that the altercations that took place in the kitchen and living room were incidental to Freeman's assault and battery of a family member and the charge for that offense. While we are not bound by the findings of law made by the trial judge, we will assume without deciding that no abduction occurred in the living room, and we narrow our discussion only to what took place inside the bedroom.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is "plainly wrong or without evidence to support it."'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (quoting *Pijor*, 294 Va. at 512) (alteration in original). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Williams v. Commonwealth*, 278 Va. 190, 193 (2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The Supreme Court has emphasized,

- 4 -

"In applying this standard of review, we eschew the divide-and-conquer approach, which examines each incriminating fact in isolation, finds it singularly insufficient, and then concludes that the sum of these facts can never be sufficient. Instead, in an appellate sufficiency review, the evidence is 'considered as a whole.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (quoting *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979)).

Code § 18.2-47, Virginia's abduction statute, "combines the common law offenses of kidnapping, abduction, and false imprisonment 'into one statutory felony.'" *Clanton v. Commonwealth*, 53 Va. App. 561, 567 (2009) (*en banc*) (quoting *Walker v. Commonwealth*, 47 Va. App. 114, 120 (2005)). Code § 18.2-47(A) states, "Any person who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person" has committed an abduction.

### A. Detention by Intimidation

"For purposes of Code § 18.2-47(A), a defendant 'detains' a victim by having that victim 'remain in a certain location, or even in a certain position' through the use of force, intimidation, or deception." *Commonwealth v. Herring*, 288 Va. 59, 74 (2014) (quoting *Burton v. Commonwealth*, 281 Va. 622, 628 (2011)). This Court has held, "A defendant intimidates a victim if he 'put[s] [the] victim in fear of bodily harm by exercising such domination and control . . . as to . . . overbear her will.'" *Brown v. Commonwealth*, 74 Va. App. 721, 731 (2022) (alterations in original) (quoting *Sutton v. Commonwealth*, 228 Va. 654, 663 (1985)). "[I]ntimidation can occur even in the absence of an overt 'expression of an intention to do bodily harm.' Instead, a victim suffers fear of bodily harm in the abduction context if the defendant imposes 'psychological pressure on [the victim] who, under the circumstances, is vulnerable and susceptible to such pressure.'" *Id.* at 731-32 (alteration in original) (citation omitted). Furthermore, this Court has explained, "The abduction statute does

- 5 -

not contain a temporal requirement, which means a victim can be detained under the statute even if only for the briefest of moments." *Id.* at 732-33.

In this case, Freeman strangled Womack in the kitchen after the couple got into an argument, and he only stopped strangling Womack after she hit him on the head with a frying pan twice. Freeman then pushed Womack to the floor, dragged her into the living room, and continued to push her onto the floor while saying, "I'll kill you; you're not stronger than me; you'll never be stronger than me." Freeman then followed Womack into the couple's bedroom, and he prevented her from leaving the room to answer the door when the police arrived as he told Womack not to open the door while also saying that "he wasn't going back to jail." After being strangled in the kitchen and assaulted in the living room, Womack did not cry out to the police because she testified, "I was scared. I didn't want to say anything." When the police were eventually able to speak with her, Officer Perkins testified that Womack would not talk to them at first – and that "[s]he was visibly shaken."

Given Freeman's violent attacks on Womack only moments before the police arrived at the apartment, Freeman clearly intimidated Womack when he told her not to answer the door for the police and stated that he was not going to go back to jail. After having just been strangled and repeatedly pushed to the floor by someone who told her "I'll kill you," the finder of fact could certainly infer that Womack feared that she would be harmed again if she tried to leave the bedroom to answer the door for the police. *See Brown*, 74 Va. App. at 731 ("A defendant intimidates a victim if he 'put[s] [the] victim in fear of bodily harm."). Officer Perkins then corroborated Womack's testimony when he described how terrified Womack appeared when she first spoke with the police. Consequently, we cannot say that the finder of fact was plainly wrong or without credible evidence when finding that Freeman used intimidation to detain Womack inside the couple's bedroom.

## B. Intent to Deprive Womack of Her Personal Liberty

The Supreme Court has stated, "Intent is the purpose formed in a person's mind and may, like any other fact, be shown by circumstances." *Secret*, 296 Va. at 228 (quoting *Herring*, 288 Va. at 75). "It [intent] is a state of mind which may be proved by a person's conduct or by his statements." *Barrett v. Commonwealth*, 210 Va. 153, 156 (1969). In addition, a determination in a trial court that a defendant acted with a specific intent is a finding of fact that will not be disturbed on appeal unless the finder of fact was plainly wrong or without credible evidence in the record to support it. *See Herring*, 288 Va. at 76.

Here, Freeman's conduct and statements throughout the evening, discussed *supra*, show that he intended to prevent Womack from leaving the couple's bedroom as the police were knocking on the apartment door. The jury could reasonably conclude from the events in the bedroom that Freeman intended to restrict Womack from leaving the bedroom because he was afraid that Womack would open the apartment door for the police. In addition, the jury could also consider the fact that Freeman had taken Womack's keys away from her earlier in the evening – indicating that Freeman did not want Womack to leave the apartment at all. In short, we cannot say that the finder of fact was plainly wrong or without credible evidence when finding that Freeman intended to deprive Womack of her personal liberty when he told her not to open the door when the police arrived at the apartment.

Therefore, given that Freeman detained Womack by intimidating her inside the bedroom as the police were knocking on the door and given that Freeman intended to deprive Womack of her ability to leave the bedroom, we cannot say that no rational factfinder could have found the evidence sufficient for Freeman's abduction conviction.

<u>II.  Freeman's Sentence</u>

In his second assignment of error, Freeman argues, "The trial court erred in sentencing Mr. Freeman to four years and six months of active incarceration for felony domestic assault and battery."  Specifically, Freeman contends that "[t]he trial court failed to properly consider and weigh Mr. Freeman's history of trauma and substance abuse in fixing his sentence."

On appeal, this Court reviews a trial court's sentencing decision for abuse of discretion. *See Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016).  The Supreme Court has consistently held that "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Id.* (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).  In addition, this Court has stated, "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992).

The record before us on appeal clearly shows that the trial court carefully weighed all of the evidence before it at the sentencing hearing.  In addition to considering the evidence of "Freeman's history of trauma and substance abuse," the trial court considered Freeman's multiple prior convictions of assault and battery of a family member and the violent nature of the present offenses.  Furthermore, the trial court also considered how Freeman's statements that he made in the presentence report conflicted with the statements that Freeman made during the sentencing hearing.  After weighing all of the evidence, the trial court sentenced Freeman to a period of imprisonment that fell within the statutory maximum for a conviction of assault and battery of a family or household member, third or subsequent offense. *See* Code § 18.2-10(f); Code § 18.2-57.2(B).  Consequently, because the trial court carefully considered all of the

evidence before it and because Freeman was sentenced within the statutorily allowed range for

his convictions, we cannot say that the trial court abused its discretion when sentencing Freeman.

CONCLUSION

For all of the foregoing reasons, we affirm the judgment of the trial court, and we uphold

each of Freeman's convictions.

*Affirmed.*