Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
Goodwyn, JJ., and Russell, S.J.

JAVIER AMILCAR VELASQUEZ                    OPINION BY
                                SENIOR JUSTICE CHARLES S. RUSSELL
v.  Record No. 071787                       June 6, 2008

COMMONWEALTH OF VIRGINIA

              FROM THE COURT OF APPEALS OF VIRGINIA

     This appeal presents the question whether the Court of

Appeals erred in affirming the circuit court's ruling in

granting an instruction telling the jury that an intent to

rape could be inferred from the defendant's unauthorized

presence in the complainant's home.[1]

     Javier Amilcar Velasquez was tried by a jury in the

Circuit Court of Fairfax County on a two-count indictment

charging (1) rape and (2) breaking and entering a dwelling

house with the intent to commit rape.  He was convicted of

rape but found not guilty of the statutory burglary charge.

The court imposed a sentence of confinement for 20 years on

the rape conviction and the Court of Appeals affirmed the

conviction by an unpublished opinion.  Velasquez v.

Commonwealth, Record No. 1648-06-4 (Aug. 21, 2007).  We

awarded Velasquez an appeal.

_____

     [1] Instruction 13, given by the court, reads:  "In the
absence of evidence showing a contrary intent, you may infer
that a defendant's unauthorized presence in a building of
another was with the intent to commit rape."

The Court of Appeals, in affirming the rape conviction, relied on our decision in Tompkins v. Commonwealth, 212 Va. 460, 184 S.E.2d 767 (1971). Tompkins was convicted of breaking and entering a dwelling house in the nighttime with intent to commit murder. In that case, the complainant testified that the defendant, who knew her, had opened a window, entered her home, gone to the bedroom in which she was sleeping, choked her, and said "I am going to kill you." The defendant admitted entering the home but insisted that his only purpose was to "try to talk her into getting in the bed." Id. at 460-61, 184 S.E.2d at 767-68. The issue before the jury was whether the defendant had the requisite specific intent to support a conviction of the charged burglary. We approved an instruction given by the trial court that told the Tompkins jury: "[W]hen the Commonwealth has proven beyond a reasonable doubt that the defendant made an unlawful entry into a dwelling house in the night time, the presumption is that the entry was made for an unlawful purpose and the purpose may be inferred from the surrounding facts and circumstances." Id. at 461, 184 S.E.2d at 768.[2]

---

[2] The circuit court, in approving Instruction 13 in the present case, relied on Virginia Model Jury Instruction 12.510. As the Court of Appeals noted in its opinion, however, that instruction tells a jury that it "may infer that a defendant's unauthorized presence in a building of another

2

In affirming the judgment in the present case, the Court of Appeals quoted our statement in Tompkins:

> We think it [is] a proper principle of law that when an unlawful entry is made into a dwelling, the presumption is that the entry was made for an unlawful purpose. And we think it likewise correct that the specific purpose, meaning specific intent, with which such an entry is made may be inferred from the surrounding facts and circumstances.

Id. The Court of Appeals cited three subsequent decisions of this Court and three of its own decisions adopting the above-quoted "proper principle of law" from Tompkins.[3] Velasquez, Record No. 1648-06-4, slip op. at 5.

Tompkins, however, was a burglary case, as was each of the subsequent cases on which the Court of Appeals relied. Both statutory burglary and common-law burglary are specific-intent crimes in which the Commonwealth has the burden of proving, as an essential element of the crime, that the defendant committed an unlawful entry with the requisite intent. Taylor v. Commonwealth, 207 Va. 326, 333-34, 150 S.E.2d 135, 141 (1966); Clarke v. Commonwealth, 66 Va. (25 Gratt.) 908, 911 (1874). In such cases, it is appropriate to

---

was with the intent to commit larceny." (Emphasis in original.) Velasquez, Record No. 1648-06-4, slip op. at 4.

[3] One of the cited cases, Hucks v. Commonwealth, 33 Va. App. 168, 531 S.E.2d 658 (2000), is given as the authority for Virginia Model Jury Instruction 12.510, on which the circuit court relied. 1 Virginia Model Jury Instructions - Criminal, No. 12-510, at 12-48 (repl. ed. 2006).

3

instruct the jury as to the Commonwealth's burden to prove intent as well as the ways in which intent may be established by the evidence.  We therefore continue to adhere to the principle announced in Tompkins as it applies to prosecutions for burglary.

Rape, however, is a general-intent crime in which the Commonwealth has no burden of proving the defendant's specific intent.  The required general intent is established upon proof that the accused knowingly and intentionally committed the acts constituting the elements of rape.  Commonwealth v. Minor, 267 Va. 166, 173, 591 S.E.2d 61, 66 (2004).  If the evidence in such a case creates an issue whether the defendant harbored any criminal intent whatsoever, the Commonwealth may request an instruction that it is permissible to infer that every person intends the natural and probable consequences of his or her acts.  See Schmitt v. Commonwealth, 262 Va. 127, 145, 547 S.E.2d 186, 198-99 (2001).  Therefore, Instruction 13 was unnecessary and inapposite in Velasquez' trial on the rape charge.

Because the rape and burglary counts were tried together, Instruction 13, although undoubtedly given for the purpose of explaining how an essential element of the burglary case might be inferred from the evidence, necessarily had a collateral

4

effect on the rape case and in that connection amounted to an improper comment on the evidence.

Further, we consider the instruction to embody an incorrect statement of the law generally. As we said in Tompkins, in a burglary case there is a presumption from an unlawful entry that the entry was made for an unlawful purpose, and the specific intent with which it was done may be inferred from the surrounding facts and circumstances. 212 Va. at 461, 184 S.E.2d at 768. The nature of that specific intent, however, is a matter for determination by the fact-finder alone, based upon the evidence. It is not the function of the court to suggest to the jury what conclusion it should draw from the facts in evidence. See Tyler v. C&O R.R. Co., 88 Va. 389, 394-95, 13 S.E. 975, 976-77 (1891) (error to grant instruction that invades province of jury). Instructions based on the above-quoted principles expressed in Tompkins, leaving to the jury the determination of the nature of the defendant's specific intent, are sufficient. For these reasons, the circuit court erred in granting Instruction 13 over the defendant's objection. To the extent the decision of the Court of Appeals in Hucks v. Commonwealth, 33 Va. App.

168, 531 S.E.2d 658 (2000), is in conflict with views we express here, we expressly overrule that decision.[4]

Although we do not agree with the Court of Appeals' analysis, we nevertheless conclude that the error of granting the instruction was harmless because of the overwhelming evidence of the defendant's guilt. The victim testified that a Hispanic man entered her apartment through a sliding glass door at night, raped her, and left immediately afterward. The perpetrator had been wearing gloves of a distinctive appearance, one of which remained at the scene and was recovered by the police. The victim later identified Velasquez as her assailant. DNA testing of evidence recovered from the victim and the defendant effectively eliminated the possibility that any other person in the world's population was the perpetrator. When shown the glove recovered by the police, the defendant gave a lengthy confession of all elements of the crime, expressing remorse and explaining that he had been drinking and using drugs. He later wrote a letter of apology in Spanish to the victim, asking her forgiveness for what he had done. A translation of the letter was admitted in evidence.

---

[4] It follows that the language from Virginia Model Jury Instruction 12.510 utilized by the trial judge, which was framed in reliance upon the decision in Hucks, was an incorrect statement of the law.

In light of the evidence heard by the jury, we are of opinion that the circuit court's error in granting Instruction 13 was harmless and that the result would not be different if the instruction had been refused.[5]  Accordingly, the judgment of the Court of Appeals will be

_Affirmed_.

---

[5] We apply the standard of <u>Kotteakos v. United States</u>, 328 U.S. 750 (1946), and Code § 8.01-678 as the test for non-constitutional harmless error.  <u>Clay v. Commonwealth</u>, 262 Va. 253, 259-61, 546 S.E.2d 728, 731-32 (2001).