COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Kelsey and Haley
Argued at Richmond, Virginia

ELVON AMON KELLEY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0487-09-2                       JUDGE D. ARTHUR KELSEY
                                                       JANUARY 12, 2010

COMMONWEALTH OF VIRGINIA

                  FROM THE CIRCUIT COURT OF HENRICO COUNTY
                            Catherine C. Hammond, Judge

            John B. Mann (John B. Mann, P.C.; Canfield, Baer, Heller &
            Johnston, LLP, on brief), for appellant.

            Virginia B. Theisen, Senior Assistant Attorney General (William C.
            Mims, Attorney General, on brief), for appellee.


        The trial court convicted Elvon Amon Kelley for unlawful wounding in violation of Code

§ 18.2-51.  Kelley argues on appeal the evidence failed to prove his guilt beyond a reasonable

doubt.  We disagree and affirm.

                                              I.

        On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  This principle

requires us to "discard the evidence of the accused in conflict with that of the Commonwealth,

and regard as true all the credible evidence favorable to the Commonwealth and all fair

inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755,

759 (1980) (emphasis and citation omitted).  Our examination of the record "is not limited to the

evidence mentioned by a party in trial argument or by the trial court in its ruling.  In determining

whether there is evidence to sustain a conviction, an appellate court must consider *all the*

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

*evidence* admitted at trial that is contained in the record." Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008) (emphasis added).

So viewed, the evidence at trial showed Kelley's ex-girlfriend, Natiya Gillespie, ended a romantic relationship with him in October 2007. Kelley nonetheless continued to contact her and maintained hopes of getting back together. About 1:40 a.m. on March 25, 2008, Gillespie told Kelley over the phone that she had to conclude the call because her new boyfriend, Michael Farmer, was on his way to pick her up. Angered by this news, Kelley drove over to her apartment and parked in the lot, leaving his headlights on.

Farmer arrived and picked up Gillespie around 2:30 a.m. As Farmer drove away, Kelley followed with his car "very close" either to the side of Farmer's vehicle or nearly up "on [its] bumper." When Farmer asked Gillespie if she knew the occupant of this car, Gillespie realized it was Kelley. Fearful of Kelley's intentions, Farmer increased his speed. As Farmer sped up, Kelley did as well. Kelley remained in hot pursuit at speeds exceeding 100 miles per hour. Farmer accelerated because he thought "somebody [was] trying to ram [his] car the whole time."

With Kelley either directly behind or beside him, Farmer sped through a couple of red lights. Still traveling at a high rate of speed, Kelley's vehicle struck Farmer's vehicle. Gillespie immediately called her mother on a cell phone and screamed that Kelley was "ramming" them. As the vehicles sped past a police cruiser, the officer noticed Kelley's vehicle "very close on the bumper" of Farmer's vehicle — close enough to be "nearly hitting" it. The officer attempted to follow, but he could not keep up because the vehicles were traveling at an "extremely high rate of speed."

Kelley's vehicle struck Farmer's vehicle a second time. The impact caused Farmer's vehicle to flip over several times and crash into a ditch. Gillespie's mother, still listening via the cell phone, heard her daughter say she was hurt and bleeding. Both Gillespie and Farmer

suffered facial lacerations requiring multiple stitches. The officer arrived moments later. He saw Kelley banging on the window of Farmer's vehicle and shouting, "look what you made me do." After the officer successfully dragged Farmer and Gillespie out of Farmer's vehicle, which had rolled onto its side, he questioned Kelley about the accident. Kelley admitted he had intentionally hit Farmer's vehicle "about two times." The officer arrested Kelley on charges of malicious wounding.

At trial, Kelley testified he was jealous of Farmer's relationship with Gillespie. He admitted pursuing Farmer's vehicle at a high rate of speed and hitting Farmer's vehicle twice. But he denied *intentionally* striking Farmer's vehicle. Kelley also offered the testimony of an accident reconstruction expert who said the damage to Gillespie's vehicle was a "slight kiss" caused by a "sliding" or "sideswiping" contact.

The trial court found Kelley guilty of unlawfully wounding Gillespie and Farmer, lesser-included offenses of malicious wounding. Kelley appeals arguing the evidence failed as a matter of law to demonstrate his guilt beyond a reasonable doubt.

II.

A. APPELLATE STANDARD OF REVIEW

An appellate court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original).[1] "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (citation omitted and emphasis in original). We are "not permitted to reweigh the evidence," Nusbaum v. Berlin,

---

[1] See also McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399 (2009); Jones v. Commonwealth, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009).

273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004).

A trial judge's "major role is the determination of fact, and with experience in fulfilling that role comes expertise." Id. (citation omitted). "If reasonable jurists could disagree about the probative force of the facts, we have no authority to substitute our views for those of the trial judge." Campbell v. Commonwealth, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002). This deferential standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (citation omitted).

### B. Unlawful Wounding

A defendant violates Code § 18.2-51 when he wounds a victim "with the intent to maim, disfigure, disable, or kill" him. If the defendant acts with malice, he is guilty of malicious wounding. If he acts without malice, but still commits an "unjustified wounding," he is guilty of the lesser-included offense of unlawful wounding. Shifflett v. Commonwealth, 221 Va. 191, 193, 269 S.E.2d 353, 354 (1980); see generally Ronald J. Bacigal, Virginia Practice: Criminal Offenses & Defenses 45-49 (2009-10 ed.).

Often impossible to prove through direct evidence, intent may be proved by the totality of the circumstances. Commonwealth v. Vaughn, 263 Va. 31, 36, 557 S.E.2d 220, 223 (1980). The factfinder may discern intent from the nature of the defendant's conduct, the foreseeability of harm arising from it, or the evident motivation behind the wounding. As always, the factfinder can infer that every "person intends the natural and probable consequences of his or her acts." Velasquez v. Commonwealth, 276 Va. 326, 330, 661 S.E.2d 454, 456 (2008); Johnson v. Commonwealth, 53 Va. App. 79, 100, 669 S.E.2d 368, 378 (2008); Walker v. Commonwealth,

- 4 -

47 Va. App. 114, 121, 622 S.E.2d 282, 286 (2005), aff'd, 272 Va. 511, 636 S.E.2d 476 (2006); Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (*en banc*).

In this case, Kelley chased Farmer's vehicle at a dangerously close distance while traveling at speeds exceeding 100 miles per hour. Motivated by jealous rage, Kelley raced after Farmer's vehicle through red lights and intentionally struck Farmer's vehicle twice. The second contact flipped Farmer's vehicle injuring both Gillespie and Farmer. The natural and probable consequence of striking Farmer's vehicle was an accident causing injury or death. Given these circumstances, a rational factfinder could conclude beyond a reasonable doubt that Kelley acted with the "intent to maim, disfigure, disable, or kill" the victims in violation of Code § 18.2-51.[2]

### III.

In sum, ample evidence supports Kelley's convictions for unlawful wounding. Finding his sufficiency challenge meritless, we affirm.

Affirmed.

---

[2] See, e.g., Blow v. Commonwealth, 52 Va. App. 533, 665 S.E.2d 254 (2008) (finding sufficient evidence of unlawful wounding where appellant rammed police vehicle with his own after leading officers on a high-speed chase); cf. Holley v. Commonwealth, 44 Va. App. 228, 604 S.E.2d 127 (2004) (finding sufficient evidence of attempted malicious wounding where appellant accelerated toward a police officer standing in his path); Luck v. Commonwealth, 32 Va. App. 827, 531 S.E.2d 41 (2000) ("The fact finder could draw the reasonable and justified inference that the defendant intended to maim, disfigure, disable or kill when he repeatedly rammed the police vehicle while traveling at 80 miles per hour.").