COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges AtLee, Causey and Friedman
Argued at Norfolk, Virginia


JAMAL LEANDER THOMAS

MEMORANDUM OPINION[*] BY

v.        Record No. 0575-22-1        JUDGE FRANK K. FRIEDMAN
                                              APRIL 25, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

Gregory K. Matthews (Gregory K. Matthews, PC, on brief), for
appellant.

Lucille M. Wall, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


A jury convicted Jamal Leander Thomas of armed statutory burglary and use of a firearm in

the commission of a felony.  On appeal, Thomas contends that the evidence is insufficient to

support his burglary conviction, arguing that the Commonwealth failed to prove he acted with the

intent to commit an assault and battery.  Finding no error, we affirm the trial court's judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).  In

doing so, we discard any of Thomas's conflicting evidence, and regard as true all credible evidence

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On April 24, 2001, Mariah Lewis and a small group of friends were celebrating her sister's birthday at a Portsmouth house they had rented for the weekend. Around 10:00 that night, while the group played a game in the kitchen, Thomas "burst through the door with a gun." Thomas yelled, "Who's fucking my bitch? Who is in here? Who's fucking my bitch? Are you fucking my bitch?" Within moments, Thomas struck Jamya Cheeks, one of the party guests, knocking her to the ground. Thomas then grabbed Cheeks's phone and threw it to the floor, breaking it.

David Martin, another partygoer, corroborated Lewis's account of the events. He testified that the intruder pointed the gun at him. Martin described the intruder as angry and aggressive, "like he was on a mission" when he burst into the house. Jamayah Troutt, Lewis's sister, recorded the incident and shared the video with the police. The jury viewed the video.[1] Troutt testified that the video accurately depicted the incident.

Portsmouth Police Detective Jackson went to the scene that night and later viewed Troutt's recording. On April 29, Detective Jackson interviewed Thomas. Thomas admitted that he was at the house on the night of the incident and stated that he was "upset because Ms. Troutt and her friends were acting strange." Initially, Thomas claimed that he had been "jumped by a male subject, and the male pulled a firearm on him." When shown the video, Thomas exclaimed, "That's me. That's me." Finally, Thomas admitted that he owned a nine-millimeter handgun. The same day, the police searched Thomas's car and found twenty-two rounds of nine-millimeter ammunition in the trunk.

The jury convicted Thomas of statutory burglary and use of a firearm in the commission of a felony. Thomas appeals.

---

[1] The video was not entered as an exhibit.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

A conviction for statutory burglary is supported by evidence of a breaking and entering "with intent to commit assault and battery." Code § 18.2-91. In challenging his burglary conviction, Thomas concedes that the Commonwealth proved he broke into the house with a weapon and argues only that the evidence failed to prove he intended to commit assault and battery when he entered the home.

"Both statutory burglary and common-law burglary are specific-intent crimes in which the Commonwealth has the burden of proving, as an essential element of the crime, that the defendant committed an unlawful entry with the requisite intent." *Velasquez v. Commonwealth*, 276 Va. 326, 329 (2008); *see Taylor v. Commonwealth*, 207 Va. 326, 333-34 (1966). "In a prosecution for statutory burglary under Code § 18.2-91, proof that the accused unlawfully

- 3 -

entered another's dwelling supports an inference that the entry was made for an unlawful purpose. The specific intent with which the unlawful entry is made may be inferred from the surrounding facts and circumstances." *Breeden v. Commonwealth*, 43 Va. App. 169, 181 (2004) (quoting *Robertson v. Commonwealth*, 31 Va. App. 814, 822 (2000)). Statutory burglary focuses solely on the defendant's intent at the time of the entry, not his purpose once inside. *See Bruce v. Commonwealth*, 22 Va. App. 264, 270 (1996) (recognizing that burglary requires that "the intent to commit the substantive crime therein is concomitant with the breaking and entering").

The evidence proved that Thomas kicked in the door and burst into the house while displaying a firearm. Thomas brandished the gun while angrily demanding of the occupants, "Who's fucking my bitch" and who was present. Thomas struck Cheeks almost immediately and broke her phone. Thomas asserts that "[f]or all we know, [Cheeks] or someone else provoked [him] *after* he made entry into the house." "The element of criminal intent may, and often must, be inferred from the facts and circumstances of the case," including the defendant's actions and statements. *Marsh v. Commonwealth*, 57 Va. App. 645, 651 (2011) (quoting *Tarpley v. Commonwealth*, 261 Va. 251, 256 (2001)). Thomas's violent entry, rude and angry words, and assaultive conduct all support the jury's conclusion that he possessed the requisite intent when he broke into the residence.

Further, when a fact finder rejects a hypothesis of innocence, that decision is binding on appeal unless it was plainly wrong. *See Ervin v. Commonwealth*, 57 Va. App. 495, 519 (2011) (en banc) (explaining that a trier-of-facts' rejection of a hypothesis of innocence is binding on appeal unless plainly wrong, even if the record contains some supporting evidence). The jury permissibly rejected Thomas's theory that he did not intend to commit an assault until after he was inside. Indeed, from Martin's testimony and Thomas's conduct, the Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a

- 4 -

reasonable doubt that Thomas acted with the requisite intent.  Thus, the record supports the jury's verdict that Thomas was guilty of statutory burglary.

CONCLUSION

For the foregoing reasons, we find that the evidence was sufficient to prove Thomas's guilt beyond a reasonable doubt, and we affirm his convictions.

*Affirmed.*