COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Malveaux and Causey
Argued at Norfolk, Virginia


BRANDON MICHAEL EXPECTACION

                                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0247-23-1                    JUDGE DORIS HENDERSON CAUSEY
                                                    MAY 7, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
W. Revell Lewis, III, Judge

Charles E. Haden for appellant.

Lucille M. Wall, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Following a bench trial, the trial court convicted Brandon Michael Expectacion of statutory

burglary.[1]  On appeal, Expectacion contends that the evidence is insufficient to support his burglary

conviction, arguing that the Commonwealth failed to prove he acted with the requisite intent at the

time of his entry into the residence.  Finding no error, we affirm the trial court's judgment.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] The trial court also convicted Expectacion, upon his guilty plea, for possessing cocaine.
He does not challenge that conviction on appeal.

BACKGROUND[2]

Sometime after dark on June 12, 2020, Robert Hill was at home with his wife when he heard somebody "banging on the door repeatedly." As Hill began to open the door, Expectacion shoved the door open and pushed his way inside. Hill's wife ran to a neighbor's house to ask for help. Hill ordered Expectacion to leave the house and grabbed his phone to call the police. Expectacion "went into the kitchen and grabbed a butcher knife and started waving it around." Fearing for his life, Hill also ran from the residence. Hill called the police, and Expectacion remained in the house and locked the doors.

After the police arrived and arrested Expectacion, Hill returned inside his residence and saw that his wife's pocketbook had been rifled through and some of the items were thrown on the floor and others in the toilet. Further, a lockbox Hill kept in his bedroom had been removed, broken, and thrown against a wall. The butcher knife was on the living room floor.

Hill testified that as Expectacion first entered the house he told Hill to call the police, claiming someone was going to kill him. Hill noted that Expectacion appeared to be "under the influence of something," was "sweating profusely," and seemed "like he was in another world someplace."

Expectacion testified that on the date of the offense, he was experiencing a "paranoid episode." He explained that he has been diagnosed with paranoid schizophrenia and post-traumatic stress disorder and that he had not been taking his prescribed medication. He claimed he did not intend to harm Hill or steal anything from the home. On cross-examination, he stated that he "might

---

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of Expectacion's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

have" ingested illegal drugs earlier that day. The trial court rejected Expectacion's argument and convicted him of statutory burglary in violation of Code § 18.2-89. Expectacion appeals.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

"If any person break and enter the dwelling house of another in the nighttime with intent to commit a felony or any larceny therein, he shall be guilty of burglary, punishable as a Class 3 felony . . . ." Code § 18.2-89. In challenging his burglary conviction, Expectacion argues that the Commonwealth failed to prove that he "intended to commit a felony or steal anything inside the Hills' residence at the time of his entry into the residence."

"Both statutory burglary and common-law burglary are specific intent crimes in which the Commonwealth has the burden of proving, as an essential element of the crime, that the defendant committed an unlawful entry with the requisite intent." *Velasquez v. Commonwealth*,

- 3 -

276 Va. 326, 329 (2008). *See Taylor v. Commonwealth*, 207 Va. 326, 333-34 (1966). "[W]hen an unlawful entry is made into a dwelling of another, the presumption is that the entry was made for an unlawful purpose, and the specific intent with which such entry was made may be inferred from the surrounding facts and circumstances." *Vincent v. Commonwealth*, 276 Va. 648, 653 (2008) (quoting *Ridley v. Commonwealth*, 219 Va. 834, 836 (1979)). Statutory burglary focuses solely on the defendant's intent at the time of the entry, not his purpose once inside. *See Bruce v. Commonwealth*, 22 Va. App. 264, 270 (1996) (recognizing that burglary requires that "the intent to commit the substantive crime therein is concomitant with the breaking and entering"). "The element of criminal intent may, and often must, be inferred from the facts and circumstances of the case," including the defendant's actions and statements. *Marsh v. Commonwealth*, 57 Va. App. 645, 651 (2011) (quoting *Tarpley v. Commonwealth*, 261 Va. 251, 256 (2001)).

Here, the evidence showed that Expectacion shoved the door open and pushed Hill aside as he ran into the house. Shortly thereafter, he ran to the kitchen and began wielding a large knife. After Hill and his wife fled the residence, Expectacion locked himself inside the residence, rifled through Hill's wife's purse, and attempted to break open Hill's lockbox. Expectacion's violent entry, erratic and threatening behavior, and acts of rummaging through the Hills' belongings all support the trial court's conclusion that he possessed the intent to commit larceny or a felony when he broke into the residence.

Further, when a fact finder rejects a hypothesis of innocence, that decision is binding on appeal unless it was plainly wrong. *See Ervin v. Commonwealth*, 57 Va. App. 495, 519 (2011) (en banc) (explaining that a trier of fact's rejection of a hypothesis of innocence is binding on appeal unless plainly wrong, even if the record contains some supporting evidence). The trial

court permissibly rejected Expectacion's theory that he did not intend to commit a felony or steal anything inside the residence upon his entry.[3]

Indeed, from Hill's testimony and Expectacion's conduct, the Commonwealth's evidence was not inherently incredible and was sufficient to prove beyond a reasonable doubt that Expectacion acted with the requisite intent. Thus, the record supports the trial court's verdict that Expectacion was guilty of statutory burglary.

CONCLUSION

For the foregoing reasons, we find that the evidence was sufficient to prove Expectacion's conviction of statutory burglary.

*Affirmed.*

---

[3] "Furthermore, '[e]xcept in cases of first degree and capital murder, where proof of voluntary intoxication may negate deliberation and premeditation, such intoxication, whether from drugs or alcohol, is no defense to a criminal charge.'" *Morris v. Commonwealth*, 51 Va. App. 459, 468 (2008) (alteration in original) (quoting *Griggs v. Commonwealth*, 220 Va. 46, 52 (1979)).