COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Decker, Judges Malveaux and Callins

PAUL CHISHOLM, III

                                                                    MEMORANDUM OPINION[*]
v.        Record No. 0334-24-1                                      PER CURIAM
                                                                    MARCH 25, 2025
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                              John W. Brown, Judge

              (Michelle C.F. Derrico, Senior Appellate Attorney; Kelsey Bulger,
              Deputy Appellate Counsel; Virginia Indigent Defense Commission,
              on briefs), for appellant.

              (Jason S. Miyares, Attorney General; Brooke I. Hettig, Assistant
              Attorney General, on brief), for appellee.


        Following a bench trial, the trial court convicted Paul Chisholm, III ("appellant") of

malicious wounding, in violation of Code § 18.2-51.  When appellant failed to appear for his

sentencing hearing, the trial court issued a capias for his arrest, convicted him of failure to appear,

and sentenced him to 12 months in jail for that offense, plus 15 years with 10 years suspended on

the underlying charge.  On appeal, appellant contends that the trial court erred by imposing a 12-

month sentence for his failure to appear conviction and that the evidence was insufficient to support

the malicious wounding conviction.  After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit";

additionally, "the dispositive issue or issues have been authoritatively decided" and "the appellant

has not argued that the case law should be overturned, extended, modified, or reversed."  Code

§ 17.1-403(ii)(a)-(b); Rule 5A:27(a)-(b).  Finding no error, we affirm the trial court's judgment.

_____

        [*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

## I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Meade v. Commonwealth*, 74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). "Accordingly, we regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Id.* (quoting *Gerald*, 295 Va. at 473).

In June 2015, appellant worked at Sims Metal Management in Chesapeake, Virginia. Appellant's job required him to start and stop a large conveyor and feeder used to load scrap metal. On the morning of June 17, 2015, Travis Taylor, appellant's supervisor, was driving a "yard jockey" designed to move containers and trailers around the yard. To prevent the feeder from clogging, appellant would signal when the machine's hopper was full.

Jody Bowen was supervising both appellant and Taylor that day. When a new truck arrived at the yard, Bowen asked Taylor to help him unload it. The feeder was stopped while Taylor assisted Bowen. A few minutes later, Taylor noticed that appellant had started the feeder. Concerned that the feeder would clog, Taylor asked appellant "what the heck" he was doing because Taylor was not in the yard jockey. Bowen could see that appellant and Taylor "were having heated words," though he could not hear what they were saying.

Taylor then got into the yard jockey and moved it forward. Appellant approached and "yanked open the door" to the yard jockey. Appellant yelled at Taylor and made grabbing motions, causing Taylor to believe appellant was trying to pull him from the vehicle. Taylor slammed the door shut, but appellant opened it again. Taylor explained that he feared being pulled out of the yard jockey because the drop to the ground was over four feet.

Bowen saw appellant trying to pull Taylor from the yard jockey and hurried over. He observed that appellant was "very excited and heated." Bowen asked appellant to back away.

Appellant stepped back "a few feet," but there was ample room behind him for him to go further, and he kept moving forward again despite Bowen's repeated instructions to back away. Appellant told Bowen, "don't touch me," and Bowen noted that appellant "was agitated."

After appellant's second attempt to enter the yard jockey, Taylor turned it off and exited. Appellant was waiting on the ground, and the two exchanged words. Bowen saw Taylor touch appellant on the shoulder with one hand in an attempt to get him to "calm down"; it was not "an aggressive touching." In response, appellant took off his hard hat and struck Taylor in the jaw. Taylor staggered, lost consciousness, and fell to the ground. He suffered a broken jaw that required surgery to repair, spent several days in the hospital, and underwent extensive dental work. Taylor testified that appellant had previously threatened to hurt him "a couple times" before.

Testifying on his own behalf, appellant stated that Taylor had cursed at him, which he did not like because he is "old enough to be [Taylor's] father." He denied opening the yard jockey door, claimed that he backed up as far as he could upon Bowen's instruction, and stated that he told Taylor, not Bowen, not to touch him. Appellant also described Taylor's actions differently than the other witnesses, stating that Taylor ran towards him and grabbed his shoulder upon exiting the yard jockey. He admitted he struck Taylor but did not recall taking off his hard hat, and he insisted that he "was fearful for [his] life" because he knew Taylor had martial arts training.

The trial court denied appellant's motions to strike, rejecting appellant's testimony and finding Bowen to be the more credible witness. The court convicted appellant of malicious wounding, in violation of Code § 18.2-51, and set sentencing for July 22, 2016.

Appellant did not appear for his sentencing hearing. That same day, the trial court issued a capias for failure to appear. On February 20, 2024, the court accepted appellant's plea of no contest to the failure to appear charge and sentenced him to 12 months in jail for that offense, as well as 15 years with 10 years suspended on the malicious wounding conviction. This appeal followed.

II. ANALYSIS

A. Sentencing

Appellant argues that the trial court erred in sentencing him in excess of the maximum permitted by statute for his failure to appear conviction.

"To the extent an assignment of error involves statutory construction, we review these issues *de novo*." *Quyen Vinh Phan Le v. Commonwealth*, 65 Va. App. 66, 76 (2015).

"Criminal sentencing decisions . . . if within the lawful boundaries of applicable sentencing statutes and constitutional limitations[,] are vested in the sound discretion of trial judges, not appellate judges." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016). "When exercising its discretionary power . . . , the trial court 'has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Id.* at 563-64 (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013)). Thus, "[w]e review the [trial] court's sentence for abuse of discretion." *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011)). "Given this deferential standard of review, we will not interfere with the sentence so long as it 'was within the range set by the legislature' for the particular crime of which the defendant was convicted." *Id.* (quoting *Scott*, 58 Va. App. at 46).

Appellant argues that the trial court erred in sentencing him in excess of ten days for failure to appear, which is the maximum sentence for a contempt conviction permitted by Code § 18.2-457. But that sentencing limitation only applies "for any such contempt as is mentioned in the first class embraced in [Code] § 18.2-456." Code § 18.2-457. In turn, Code § 18.2-456(A)(1) allows the courts to punish "summarily" for contemptuous acts amounting to "[m]isbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice."

- 4 -

"Contempt under Virginia law is 'an act in disrespect of the court or its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute.'" *Abdo v. Commonwealth*, 64 Va. App. 468, 476 (2015) (quoting *Robinson v. Commonwealth*, 41 Va. App. 137, 142 (2003)). "Although the 'power of the court to punish is the same,' there are two distinct types of contempt, direct and indirect." *Parham v. Commonwealth*, 60 Va. App. 450, 457 (2012) (quoting *Scialdone v. Commonwealth*, 279 Va. 422, 442 (2010)).

> Under the common law, acts of contempt "are either direct, which openly insult or resist the powers of the courts, or the persons of the judges who preside there; or else are consequential [indirect], which (without such gross insolence or direct opposition) plainly tend to create an universal disregard of their authority."

*Id.* at 456-57 (alteration in original) (quoting 4 William Blackstone, *Commentaries on the Laws of England* *283-84 (1769)).

"[T]he substantial difference between a direct and [indirect] contempt is one of procedure." *Id.* at 457 (second alteration in original) (quoting *Burdett v. Commonwealth*, 103 Va. 838, 845 (1904)). "Where the contempt is committed in the presence of the court, it is competent for it to proceed upon its own knowledge of the facts, and to punish the offender without further proof, and without issue or trial in any form." *Robinson*, 41 Va. App. at 146 (quoting *Burdett*, 103 Va. at 845-46). But "[i]ndirect or constructive contempt charges . . . are not brought summarily, but must proceed under a more formal procedure than an immediate adjudication by the court." *Id.* That is, "[i]n dealing with indirect contempts . . . the offender must be brought before the court by a rule or some other sufficient process." *Id.* at 145 (quoting *Burdett*, 103 Va. at 846). "While Code §§ 18.2-4[5]6 and 18.2-457 limit the court's power to sentence in direct or summary contempt proceedings, these statutes do not limit the court's power where it exercises its inherent common law power to punish for indirect contempt." *Id.* at

146. Thus, where process is issued and a "full hearing" is held on the contempt charge, we will not reverse a sentence even if it exceeds the limitations of Code § 18.2-456. *See id.* at 146-47.

Here, the trial court did not summarily find appellant in contempt because of misbehavior in its presence. Instead, process was issued against him for the indirect contempt, committed outside the presence of the court, of failing to appear for his sentencing hearing. He had an opportunity to obtain counsel, prepare his defense, and attend a hearing at which he entered a plea of no contest. *See id.* Because appellant was charged with indirect contempt, which is not in "the first class embraced in [Code] § 18.2-456," the ten-day sentencing limitation found in Code § 18.2-457 does not apply. *See id.* Thus, we will not disturb the trial court's exercise of discretion in imposing the 12-month sentence.

### B. Sufficiency of the Evidence

Appellant argues that the evidence was insufficient to support his conviction for malicious wounding because the Commonwealth failed to prove that he acted with the requisite intent or with malice.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the

reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

To support a conviction for malicious wounding, "the Commonwealth must prove that the defendant maliciously stabbed, cut, or wounded 'any person or by any means cause[d] him bodily injury, with the intent to maim, disfigure, disable, or kill.'" *Burkeen v. Commonwealth*, 286 Va. 255, 259 (2013) (quoting Code § 18.2-51). "Intent and malice are two separate elements of the offense." *Williams v. Commonwealth*, 64 Va. App. 240, 253 n.3 (2015).

Appellant first challenges the sufficiency of the evidence proving that he acted with the intent to maim, disable, disfigure, or kill Taylor. "Intent is the purpose formed in a person's mind at the time an act is committed. Intent may, and often must, be inferred from the facts and circumstances of the case, including the actions and statements of the accused." *Johnson v. Commonwealth*, 53 Va. App. 79, 100 (2008) (quoting *Commonwealth v. Taylor*, 256 Va. 514, 519 (1998)). "To be guilty under Code § 18.2-51, a person must intend to permanently, not merely temporarily, harm another person." *Id.* at 101. "Where 'a person intentionally takes an action, the probable consequence of which is the permanent disability of another, even if permanent disability does not result, he or she can be found to have intended to cause a permanent disability.'" *Id.* (quoting *Campbell v. Commonwealth*, 12 Va. App. 476, 484 (1991) (en banc)). This is because "[t]he finder of fact may infer that a 'person intends the natural and probable consequences of his or her acts.'" *Id.* at 100 (quoting *Velasquez v. Commonwealth*, 276 Va. 326, 330 (2008)). One factor courts consider in determining intent is "lack of provocation," which "is significant evidence of an intent to seriously harm." *Id.* at 104. Another factor is whether a defendant "employed great force" in striking the victim. *Id.*

Here, appellant aggressively approached the yard jockey, shouted at Taylor, opened the door, and attempted to pull Taylor out. Then, despite the lack of provocation on Taylor's part, appellant struck Taylor in the jaw with his hard hat. Though appellant testified that Taylor ran towards him and grabbed his shoulder, Bowen stated that Taylor was not "aggressive[ly] touching" appellant, and the trial court found Bowen to be the more credible witness. *See Perkins*, 295 Va. at 328 ("The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." (emphasis omitted) (quoting *Elliott v. Commonwealth*, 277 Va. 457, 462 (2009))). And Taylor's injuries were the natural and probable consequence of appellant's striking him in the jaw with a hard hat. Thus, we conclude that the trial court was not plainly wrong in determining that appellant had the requisite intent to support a conviction for malicious wounding.

Appellant also contends that the evidence was insufficient to show that he acted with malice. Malice, "[t]he element in malicious wounding that distinguishes it from unlawful wounding" is "a state of mind that can be 'expressed or implied' by the circumstances of the attack." *Williams*, 64 Va. App. at 248 (quoting *Hernandez v. Commonwealth*, 15 Va. App. 626, 631 (1993)). "A 'common theme running through [the definitions of malice] is a requirement that a wrongful act be done wilfully or purposefully.'" *Id.* (alteration in original) (quoting *Avent v. Commonwealth*, 279 Va. 175, 202 (2010)). "[Malicious intent to wound] may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury." *Burkeen*, 286 Va. at 259 (alteration in original) (quoting *Dawkins v. Commonwealth*, 186 Va. 55, 61 (1947)).

Appellant's use of a hard, blunt instrument to hit Taylor allowed the trial court, as factfinder, to infer malice because such would necessarily result in injury of some degree. *See*

*Burkeen*, 286 Va. at 260-61 ("It is proper for a court to consider not only the method by which a victim is wounded, but also the circumstances under which that injury was inflicted in determining whether there is sufficient evidence to prove an intent to maim, disfigure, disable or kill."). That inference is further supported by Taylor's testimony that appellant had previously threatened to harm him "a couple times" before. The court also heard evidence of the severity of Taylor's injuries, which highlighted the fact that appellant "employed great force": the blow rendered Taylor unconscious, broke his jaw, and necessitated extensive surgery and dental work to repair the resulting injuries.[1] *See Johnson*, 53 Va. App. at 100. So the trial court was not plainly wrong in finding that appellant acted with malice.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*

---

[1] Appellant cites an unpublished opinion of this Court, *Perkins v. Commonwealth*, No. 1040-15-1 (Va. Ct. App. Jan 17, 2017), to support his argument that "the fact that [his] single, defensive and reflexive blow resulted in significant injury to Mr. Taylor does not lead to a finding of malice." We note that "unpublished opinions are merely persuasive authority and not binding precedent." *Coffman v. Commonwealth*, 67 Va. App. 163, 172 n.7 (2017) (quoting *Baker v. Commonwealth*, 59 Va. App. 146, 153 n.3 (2011)). And neither Taylor nor Bowen, whom the trial court found to be more credible than appellant, suggested that the blow was "defensive." *See Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010) ("Where credibility issues are resolved by the [factfinder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong."). Appellant's citation of this unpublished opinion thus fails to give us reason to revisit the trial court's conclusion that he acted with malice.